UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SUZHOU JIHEKAI NETWORK
TECHNOLOGY CO., LTD.,

    **Plaintiff,**

v.

THE PARTNERSHIPS AND
UNINCORPORATED
ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

    **Defendant.**

Case No. 0:25-cv-62217

Hon. Rodney Smith

## PROPOSED ORDER GRANTING DEFENDANT OLAOLA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AS MOOT, AND DISSOLVING TEMPORARY RESTRAINING ORDER

**THIS MATTER** is before the Court on Defendant OLAOLA's Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and Plaintiff's Motion for Preliminary Injunction. The Court has reviewed the motions, the responses, the record, and is otherwise fully advised. For the reasons set forth below, Defendant OLAOLA's Motion to Dismiss is **GRANTED**, Plaintiff's Motion for Preliminary Injunction is **DENIED AS MOOT**, and any Temporary Restraining Order previously entered against Defendant OLAOLA in this action is **DISSOLVED**.

    **I. Background**

    Plaintiff brings this action alleging intellectual property infringement arising from Defendant OLAOLA's purported operation of online storefronts accessible through third-party e-commerce platforms. Plaintiff sought emergency and preliminary injunctive relief and contends that this Court

1

may exercise personal jurisdiction over Defendant based on the alleged nationwide accessibility of Defendant's online listings.

Defendant OLAOLA contests personal jurisdiction and submits sworn declarations and discovery responses establishing that it has never sold the accused products to Florida residents, never shipped products to Florida, never received payment from Florida customers, and never targeted Florida consumers through advertising or promotion. Defendant further establishes that it maintains no offices, warehouses, agents, or other contacts in Florida.

## II. Legal Standard

A plaintiff seeking to establish personal jurisdiction over a non-resident defendant bears the initial burden of alleging sufficient facts to make out a prima facie case of jurisdiction. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). Where a defendant submits evidence challenging jurisdiction, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).

The Court applies a two-step inquiry: first, whether jurisdiction is proper under Florida's long-arm statute; and second, whether the exercise of jurisdiction comports with due process. *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 807 (11th Cir. 2010).

## III. Discussion

Florida's long-arm statute permits jurisdiction over a non-resident defendant who commits a tortious act within Florida. Fla. Stat. § 48.193(1)(a)(2). Courts in this District and the Eleventh Circuit have repeatedly held that the mere accessibility of an interactive website in Florida is insufficient, standing alone, to establish that a tortious injury occurred in Florida. *Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201, 1214–15 (Fla. 2010); *Volt, LLC v. Volt Lighting Grp., Inc.*, 369 F. Supp. 3d 1241, 1245–46 (M.D. Fla. 2019).

Rather, a plaintiff must demonstrate a nexus between the defendant's conduct and an injury in Florida, such as proof that infringing products were actually viewed, marketed, sold, or distributed to Florida consumers. *Louis Vuitton*, 736 F.3d at 1354; *Atmos Nation, LLC v. BnB Enter., LLC*, 2017 WL 3763949, at *4 (S.D. Fla. Apr. 24, 2017).

Here, Defendant OLAOLA has submitted unrebutted declarations establishing that it has never sold the accused products to Florida residents, never shipped products into Florida, never received payment from Florida customers, and never engaged in Florida-directed advertising or promotion. Plaintiff, by contrast, has failed to submit competent evidence – by declaration, transaction record, or otherwise – demonstrating that Defendant's online listings resulted in sales, customer engagement, or injury in Florida.

Plaintiff's reliance on website accessibility alone is insufficient. This Court has expressly rejected such a theory. In *Mei Li v. The Individuals, Business Entities, and Unincorporated Associations Identified on Schedule "A"*, Case No. 0:23-cv-62295-RS, the Court vacated default judgments where the plaintiff failed to establish Florida-directed conduct or sales, holding that online accessibility alone does not satisfy Florida's long-arm statute. Order Granting Motions to Vacate Default Judgment, Dkt. 86 (S.D. Fla. Oct. 24, 2025). *See also Organic Mattresses, Inc. v. Env't Res. Outlet, Inc.*, 2017 WL 5665354, at *11–12 (S.D. Fla. Oct. 6, 2017).

Because Plaintiff has failed to satisfy Florida's long-arm statute, the Court does not reach the due process analysis. *PVC Windoors*, 598 F.3d at 807. Absent personal jurisdiction, this Court lacks authority to adjudicate the merits or to impose injunctive relief against Defendant OLAOLA.

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant OLAOLA's Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED.

2. Defendant OLAOLA is DISMISSED from this action for lack of personal jurisdiction.

3. Plaintiff's Motion for Preliminary Injunction is DENIED AS MOOT.

4. Any Temporary Restraining Order previously entered against Defendant OLAOLA in this action is DISSOLVED.

DONE AND ORDERED in Fort Lauderdale, Florida, this ___ day of _____, 2026.

_____
HON. RODNEY SMITH
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record via CM/ECF